IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   vs.<br><br>STABL, INC., LANT, INC., LEON JOHNSON, AND ANN JOHNSON,<br><br>          Defendants. | 8:16CV233<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Dismiss/Motion to Make More Definite Statement, ECF No. 14 ("Motion to Dimiss"), filed by Defendants Stabl, Inc. (f/k/a Nebraska By-Products), Lant, Inc., Leon Johnson, and Ann Johnson (collectively "Defendants"). For the reasons discussed below, the Motion to Dismiss will be denied.

BACKGROUND

The following facts are those pled in the Complaint, ECF No. 1, and assumed true for purposes of the Motion to Dismiss.

Stabl, Inc., ("Stabl") is a Nebraska corporation, originally incorporated as Nebraska By-Products, Inc., in March 1979, and renamed Stabl, Inc., on June 3, 2010. ECF No. 1 ¶ 4, Page ID 2. Stabl is wholly owned by Lant, Inc., ("Lant"), which is wholly owned by Leon Johnson ("Johnson"), who serves as president of both corporations. *Id.* ¶ 8, Page ID 2. Lant filed tax returns on behalf of Stabl, as Stabl's holding company. *Id.*

From 1995 to 2010, Stabl owned and operated an animal rendering plant in Lexington, Nebraska. *Id.* ¶ 12, Page ID 3. On August 18, 2006, the Nebraska Department of Environmental Quality ("NDEQ") issued a Notice of Violation to Johnson

as owner of Stabl, stating that Stabl was not in compliance with the Clean Water Act, 33 U.S.C. §§ 1251–1388 ("Clean Water Act"), and that such noncompliance could result in injunctive relief and penalties of up to $10,000 per day per violation.  *Id.* ¶ 13, Page ID 3.  In 2007, the NDEQ sent Stabl a draft pretreatment plan, as well as a revised draft pretreatment plan in 2008.  *Id.* ¶¶ 14–15, Page ID 3.  Both plans stated that failure to comply could result in the imposition of penalties.  *Id.*  In February of 2008, the Environmental Protection Agency ("EPA") inspected the Stabl facility.  *Id.* ¶ 16, Page ID 4.  The EPA later sent Johnson a copy of the inspection, which stated that the EPA was reserving its rights to take enforcement action.  *Id.*

On July 8, 2009, NDEQ issued a Notice of Violation to Johnson, as owner of Stabl, stating that noncompliance could result in issuance of a Compliance Order, or referral to the Attorney General for penalties of up to $10,000 per day per violation and/or injunctive relief.  *Id.* ¶ 18, Page ID 4.  On July 28, 2009, the EPA issued an Administrative Compliance Order, requiring Stabl to come into compliance with the requirements of the Clean Water Act, and to submit a plan to the EPA describing how it intended to come into compliance.  *Id.* ¶ 19, Page ID 4.  In September 2009, Stabl provided a compliance plan to the EPA but never achieved compliance with the Clean Water Act.  *Id.* ¶ 20, Page ID 4.

On May 28, 2010, Stabl sold its facility for $15.2 million.  *Id.* ¶ 28, Page ID 5.  The price paid was decreased by $1 million due to Stabl's noncompliance with the Clean Water Act and the expected costs of bringing the plant into compliance.  *Id.* ¶ 29, Page ID 5.

On July 8, 2010, the U.S. Department of Justice ("DOJ") sent a letter to Stabl's counsel discussing, among other things, a potential civil enforcement action pursuant to the Clean Water Act. *Id.* ¶ 22, Page ID 4. The letter made reference to monetary penalties owed by Stabl, specifically $2,883,414. *Id.* Five days later, on July 13, 2010, Stabl transferred approximately $8 million, almost all of its assets, directly to Leon and Ann Johnson, *Id.* ¶ 23, Page ID 5, via three wire transfers. *Id.* ¶ 31, Page ID 6. Stabl was either already insolvent or became insolvent at the time of the transfers. *Id.* ¶ 34, Page ID 7.

On August 10, 2011, the United States and the State of Nebraska filed an action against Stabl in this Court alleging violations of the Clean Water Act and Nebraska state law. *Id.* ¶ 24, Page ID 5. During the litigation, the United States specifically requested that Stabl produce documents showing who received the proceeds of the facility sale, but no documents were produced. *Id.* ¶ 30, Page ID 6. On January 31, 2014, the Court entered a judgment against Stabl in the amount of $2,285,874. *Id.* ¶ 25, Page ID 5. The amount was to be divided equally between the State of Nebraska and the United States. *Id.*

Plaintiff United States ("United States") filed this action on May 26, 2015, alleging fraudulent transfers under §§ 3304(a)(1)(A) & 3304(b)(1)(A) of the Federal Debt Collection Practices Act, 28 U.S.C. §§ 3001–3308 ("FDCPA"). ECF No. 1 ¶¶ 46–55, Page ID 8–9. The United States seeks to void the $8 million transfer in an amount sufficient to satisfy its judgment against Stabl in the amount of $1,142,937, and seeks entry of personal judgments against Johnson, Ann Johnson, and Lant for that sum. As

of the date of the filing of this action, Stabl had not paid any money to the United States toward satisfying the judgment. *Id.* ¶ 45, Page ID 8.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber,* 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Twombly*, 550 U.S. at 555). Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. Of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Defendants seek dismissal of this action because, they argue, the United States did not plead sufficient facts to satisfy Rule 12(b)(6) or Rule 9.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006) (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)). "Put another way, the complaint must identify the 'who, what, where, when, and how' of the alleged fraud." *Id.* (quoting *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003)).

5

Under § 3304(a)(1)(A) of the FDCPA, a transfer made by a debtor is fraudulent "as to a debt to the United States which arises before the transfer is made or the obligation is incurred if the debtor makes the transfer or incurs the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation." 28 U.S.C. § 3304(a)(1)(A). Such transfers are similarly fraudulent under § 3304(b)(1)(A) of the FDCPA if the debtor was insolvent at the time of transfer. *Id.* § 3304(b)(1)(A).

Defendants claim that the Complaint fails under Rule 9 because it is not sufficiently specific regarding the "actual ownership" of the proceeds, the "actual property" sold by Stabl, the specific debts that Stabl could not pay while insolvent, and various other details underlying the claims. The Court disagrees. The Complaint identifies the source of the proceeds, the specific wire transfers by which the funds were transferred, to whom the transfers were made, and the relevant dates the various defendants were notified of potential violations and resulting penalties against Stabl. The Complaint sufficiently apprises Defendants of the claims against them, including the "who, what, where, when, and how" of the alleged fraud.

To the extent Defendants attempt to argue through evidence outside the pleadings that Stabl did not have an ownership interest in the sale proceeds, such arguments are better suited to a motion for summary judgment. The Court will not consider them here. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

6

Because the United States has pled its claims with sufficient specificity, and Defendants reasonably can be expected to prepare a response, the motion for a more definite statement also will be denied. *See* Fed. R. Civ. P. 12(e). Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss/Motion to Make More Definite Statement, ECF No. 14, is denied; and

2. Defendants will respond to the Complaint on or before December 12, 2016.

Dated this 29th day of November, 2016

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge