IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:16CV233 |
| v. | ) | |
| | ) | ORDER |
| STABL, INC. f/k/a NEBRASKA BY-PRODUCTS, INC.; LANT, INC.; LEON JOHNSON; and ANN JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:16CV351 |
| v. | ) | |
| | ) | ORDER |
| STABL, INC. f/k/a NEBRASKA BY-PRODUCTS, INC.; LANT, INC.; LEON JOHNSON; and ANN JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the Joint Motion to Consolidate (Filing No. 31 in Case No. 8:16CV233; Filing No. 48 in Case No. 8:16CV351) filed by the plaintiffs in both above-captioned cases, the United States of America and the State of Nebraska. The court will grant the motion as to discovery and pretrial management only.

Both of the above-captioned cases arise out of the same general underlying facts. The United States alleges that, beginning in August 2006, defendant Leon Johnson, the owner of

defendant Stabl, Inc. ("Stabl"), was notified by the Nebraska Department of Environmental Quality ("NDEQ") that Stabl was not in compliance with the Clean Water Act. Between 2006 and 2010, the NDEQ and EPA took steps to enforce Stabl's compliance with the Clean Water Act and informed Johnson of penalties of noncompliance. (Filing No. 1 in Case No. 8:16CV233). In July 2010, Stabl was notified by the U.S. Department of Justice of a potential civil enforcement action pursuant to the Clean Water Act, including monetary penalties owed by Stabl in the amount of $2,883,414. Five days later, on July 13, 2010, Stabl allegedly transferred almost of all of its assets, approximately $8 million, to defendants Leon and Ann Johnson, via three wire transfers. On August 10, 2011, the United States and the State of Nebraska filed an action against Stabl in this Court alleging violations of the Clean Water Act and Nebraska state law. On January 31, 2014, the Court entered a judgment against Stabl in the amount of $2,285,874, to be divided equally between the State of Nebraska and the United States.

The United States filed the above-captioned case on May 26, 2015, to recover its judgment against Stabl and alleges the July 13, 2010, wire transfers were fraudulent under the Federal Debt Collection Practices Act, 28 U.S.C. §§ 300-3308 ("FDCPA"). The State of Nebraska filed the above-captioned action on July 15, 2015, to recover its judgment against Stabl and similarly alleges the defendants made fraudulent transfers under Nebraska law, including the July 13, 2010, wire transfers.

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, [or] claims[.]" Fed. R. Civ. P. 42(b). "The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." *Cisler v. Paul A. Willsie Co.*, Case No. 8:09CV365, 2010 WL 3237222, *2 (D. Neb. Aug. 13, 2010).

The consent of the parties is not required for consolidation. *Id.* Whether to grant a motion to consolidate is within the sound discretion of the court. *Id.* When ruling on a motion to consolidate, "[t]he court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. *Id.* Lawsuits involving the same parties are "apt candidates for consolidation." *Id.* (quotation and citation omitted). However, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Having reviewed the matter, the court finds that consolidation for purposes of discovery and pretrial management is appropriate at this time. Both of the above-captioned cases arise out of the same underlying factual scenario. Both plaintiffs in the above-captioned cases were parties to the underlying case against Stabl, wherein both plaintiffs received a money judgment. Both plaintiffs allege Stabl has not paid any part of the judgment, and both plaintiffs identify the July 13, 2010, wire transfers as fraudulent transfers. Defendants oppose consolidation in part because each plaintiff is proceeding under separate statutes and because they believe there are jurisdictional differences between the cases. However, due to the factual similarities between the cases, at least some of the same witnesses and documents will be part of discovery in both cases, and any minor differences in the state and federal statutes relied on by the plaintiffs will not cause confusion during discovery. Consolidation during the discovery phase will avoid duplicative parallel activities and will promote the goals of efficient use of judicial resources without leading to inconvenience, delay, unfair prejudice, or additional expense. Because both cases are in the initial stages of progression, consolidation of discovery and pretrial management will conserve judicial resources, as well as the resources of the parties. At this time, the court will not consolidate the cases for trial, but will consider a renewed motion to consolidate after further progression of the case. Accordingly,

**IT IS ORDERED**:

1. The Joint Motion to Consolidate (Filing No. 31 in Case No. 8:16CV233; Filing No.

48 in Case No. 8:16CV351) is granted, in part. To the extent that the motion to consolidate asks the cases be consolidated for trial, it is denied without prejudice to reassertion at a later date.

2. The two above-captioned cases are consolidated for purposes of discovery and pretrial management only.

3. Case No. 8:16CV233 will be designated as the "Lead Case" and Case No. 8:16CV351 will be designated as "Member Case."

4. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in the Member Case. The parties are instructed to file documents related to discovery (except those described in paragraph 5) in the Lead Case and to select the option "yes" in response to the System's question whether to spread the text.

5. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

6. If a party believes an item in addition to those described in paragraph 4 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

7. The Rule 26(f) Report, currently due on or before March 15, 2017, shall encompass both cases.

**DATED: February 28, 2017.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett, III**
                                        **United States Magistrate Judge**

5