IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         vs.<br><br>STABL, INC. (f/k/a Nebraska By-Products, Inc.), LANT, INC., LEON JOHNSON, AND ANN JOHNSON,<br><br>                    Defendants. | 8:16CV233<br><br>PROTECTIVE ORDER |
| STATE OF NEBRASKA,<br><br>                    Plaintiff,<br><br>         vs.<br><br>STABL, INC. (f/k/a Nebraska By-Products, Inc.), LANT, INC., LEON JOHNSON, AND ANN JOHNSON,<br><br>                    Defendants. | 8:16CV351<br><br>PROTECTIVE ORDER |

This matter is before the court on the parties' Joint Motion for Entry of Stipulated Protective Order (Filing No. 41 in Case. No. 8:16CV233; Filing No. 58 in Case No. 8:16CV351).  Upon a showing of good cause in support of the entry of a protective order to control the discovery and dissemination of confidential or proprietary information in this case (hereafter collectively referred to as "Proteced Information"),

**IT IS ORDERED:**

The parties' Joint Motion for Entry of Stipulated Protective Order (Filing No. 41 in Case. No. 8:16CV233; Filing No. 58 in Case No. 8:16CV351) is granted.

**IT IS FURTHER ORDERED:**

1.      Protected Information will include confidential or proprietary business information.  For purposes of this Order, the following categories of documents and information will generally be considered "Protected Information" and subject to this Protective Order:

- Defendants' business records;

- Defendants' Ann Johnson and Leon Johnson's medical or healthcare records;

- Defendants' tax records;

- Other privileged and confidential information;

- Other proprietary business information;

- Any information covered by the Privacy Act of 1974, 5 U.S.C. § 552a (1976); including, but not limited to, any type of identifying information, personal information, and

- Any information covered by Environmental Protection Agency regulations governing confidential business information, 40 C.F.R. Part 2, Subpart B.

2.      Protected Information subject to this Protective Order may, depending on the content, be included in a variety of documents, including but not limited to, initial disclosures, documents produced pursuant to written discovery, answers to interrogatories, responses to requests for admission, deposition testimony, including all copies thereof, and other information disclosed in the context of discovery of this case by either party or disclosed pursuant to the discovery procedures created by the Federal Rules of Civil Procedure.

3.      Protected Information shall not be disclosed or used for any purpose except the preparation and trial of these cases, <u>United States of America v. Stabl, Inc., et al</u>., case number 8:16-CV-233, and <u>State of Nebraska v. Stabl, Inc., et al.</u>, case number 8:16-CV-351, and will not be used in any other litigation.

2

4.      The parties are allowed to redact:

      a.      Social Security numbers, dates of birth, personal (non-work) phone numbers, and home addresses for individuals other than Defendants; and

      b.      conference call phone numbers and passcodes

5.      Protected Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

      a.      attorneys actively working on this case;

      b.      any person who previously received or authored the materials;

      c.      persons regularly employed or associated with the attorneys actively working on the case;

      d.      Plaintiffs;

      e.      Defendants and Representatives of Defendants;

      f.      Expert witnesses, and consultants retained in connection with this proceeding;

      g.      mediators, facilitators, or other persons retained by the parties to assist in the resolution of this matter, and their staff;

      h.      the Court and its employees ("Court Personnel");

      i.      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

      j.      deponents, witnesses, or potential witnesses;

      k.      at hearings or trial, to the extent admissible.

6.      Prior to disclosing any Protected Information to any person listed above (other than counsel, Plaintiffs, Defendants and Representatives of Defendants, persons employed by counsel, mediators and facilitators, Court Personnel, and stenographic reporters), counsel shall inform such person that the document(s) being provided are subject to the Protective Order.  Persons described in categories 5(f) and 5(j) above may have access to the Protected

3

Information, provided, however, that any such person receiving access to the Protected Information shall, prior to receiving access, execute a Confidentiality Agreement (attached hereto in the unexecuted form as Appendix A). Unless otherwise provided herein, except in the event of a good-faith claim of violation of this Order, the Parties agree not to request copies of the Confidentiality Agreements or to determine the identities of the persons signing them.

7.     Documents shall be designated as Protected Information by counsel by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "**PROTECTED INFORMATION**" or "**SUBJECT TO PROTECTIVE ORDER**" or a substantially similar designation. If the document did not originate from the party seeking to affix the Protected Information label, or was not produced in this action by that party, the Protected Information designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing Protected Information. Subject to the procedures in Paragraph 8, upon such notice the document will be treated as Protected Information within the meaning of this Protective Order.

8.     Whenever a deposition involves the disclosure of Protected Information, the deposition or portions thereof shall be designated as protected by counsel and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as containing Protected Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.     If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Court's order, the

Party must make reasonable efforts to (i) notify the other Parties in writing of the unauthorized disclosures, (ii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (iii)) retrieve all unauthorized copies of the Protected Information.

10.     A party may object to the designation of Protected Information by giving written notice to the party designating the disputed information as Protected Information.  The written notice shall specifically identify the information to which the objection is made.  If the parties cannot resolve the objection, it shall be the obligation of the party objecting to the designation as Protected Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  Such motion must generally be filed within thirty (30) days after submitting written objection to the Protected Information designation.  If such a motion is timely filed, the disputed information shall be treated as Protected Information under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating the information as Protected Information shall bear the burden of establishing that good cause exists for the designated information to be treated as Protected Information.

11.     Protected Information may be filed with the Court to the extent reasonably necessary to support motions or other matters related to the litigation.  If any Protected Information must be filed with the Court, such Protected Information shall be filed under seal, restricted access or redacted, as appropriate.

12.     At the conclusion of this case, each document and all copies thereof which have been designated as Protected Information shall be returned to the party designating them as protected, except (1) backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice, or (2)

5

documents that must be preserved as federal records or in compliance with other statutory, regulatory or legal authorities.  The parties may agree to destroy documents containing Protected Information by way of a mutually agreed-upon procedure.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product (including all emails attaching or referring to Protected Information), and consultant and expert work product, even if such materials contain Protected Information.  Any such archival copies that contain or constitute Protected Information remain subject to this Order.

13.     A party or counsel may not unilaterally modify any document so as to remove it from the protections of this Protective Order.  Any document subject to this Protective Order when produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

14.     This Protective Order may be amended by written stipulation of the parties, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.  This Protective Order is without prejudice to the right of any party to admit Protected Information as evidence or in this action contest the admissibility, discoverability, or privileged status of any document or information.

Dated this 30th day of March, 2017.

BY THE COURT:


s/ F.A. GOSSETT, III
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nebraska on _____[date] in the case <u>United States of America v. Stabl, Incl</u>, <u>et al</u>., 8:16-CV-233 and <u>State of Nebraska v. Stabl, Inc.</u>, <u>et al.</u>, 8:16-CV-351.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date:  _____

City and State where sworn and signed _____

Printed name:  _____

Signature:  _____

8