IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>STABL INC., LANT, INC., LEON JOHNSON, and ANN JOHNSON,<br><br>          Defendants. | 8:16CV233<br><br>**ORDER** |
| STATE OF NEBRASKA,<br><br>          Plaintiff,<br><br>vs.<br><br>STABL, INC., LANT, INC., LEON JOHNSON, and ANN JOHNSON,<br><br>          Defendants. | 8:16CV351<br><br>**ORDER** |

      This matter is before the Court following a telephone conference held on May 18, 2018, with the Court and counsel for the parties. Counsel for the United States requested the conference to informally resolve two discovery disputes. The parties submitted one-page written arguments to the court by email in advance of the conference. The Court has marked Defendants' submission as "Attachment A," the United States' submission as "Attachment B," and the State's submission as Attachment C, and attached each submission to this Order. The Court heard arguments from the parties at the conference, which was recorded and is available at Filing No. 125 in the Lead Case.

      The issues before the court concern (1) the United States' notice of intent to serve third-party subpoenas on two brokerage firms alleged to have received transfers from the bank account of Defendant Stabl, Inc. ("Stabl"), and Defendants' objections thereto, and (2) defendants Leon and Ann Johnson's objections to their scheduled depositions.

**Third-Party Subpoenas**

The first issue concerns the United States' notice of intent to service third-party subpoenas on Waddell & Reed and Edward Jones, requesting all documents between January 1, 2010, and the present, relating to Defendants' accounts alleged to have received transfers of money from the bank account of Stabl. The plaintiffs allege that the requested documents are relevant to tracking the funds from the alleged fraudulent transfers from Stabl. The plaintiffs allege that the requested documents will contain evidence to determine where the funds were transferred initially through where they are today, which is relevant to support the United States' veil-piercing claims and to "ensure that any judgment of this Court ordering the 'unwinding' of fraudulent transactions is meaningful and effective."

Defendants have objected to the notices on the grounds that the scope of the document requests are overbroad, request irrelevant information, and are unduly burdensome/not proportional to the needs of the case. Defendants further object that the subpoenas are harassing to the individual defendants against whom the plaintiffs do not have a judgment. See Attachment A - Defendants' Objections to Plaintiffs' Third Party Subpoenas.

The Court will overrule the Defendants' objections and permit the United States to issue the third-party subpoenas as noticed. First, because the subpoenas are directed to third parties, the defendants are limited to objections based on relevancy and to protect a personal right or privilege in the information requested. See *Jenkins v. Pech*, 2015 WL 728305, at *3 (D. Neb. Feb. 19, 2015)(*quoting Streck, Inc. v. Research & Diagnostic Sys., Inc.*, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb. June 1, 2009). As such, the court finds Defendants do not have standing to lodge objections to the issuance of the third-party subpoenas to protect the third parties from undue burden, inconvenience, and the like.

The documents sought in the subpoenas are relevant on their face to support the plaintiffs' claims that Stabl fraudulently transferred its assets to Leon and Ann Johnson to avoid paying the civil enforcement fine in the underlying action. Although the plaintiffs only obtained a judgment against Stabl in the underlying action, the pleadings in this case allege that Stabl's corporate identity should be disregarded to prevent fraud and injustice. Leon Johnson is the President and sole shareholder for Stabl and its related companies, including the defendant Lant, Inc. (Filing No. 47 at p. 9; Filing No. 52 at p. 10). Under Nebraska law, "Some of the relevant factors in determining whether to disregard the corporate entity on the basis of fraud are (1)

grossly inadequate capitalization, (2) insolvency of the debtor corporation at the time the debt is incurred, (3) diversion by the shareholder or shareholders of corporate funds or assets to their own or other improper uses, and (4) the fact that the corporation is a mere facade for the personal dealings of the shareholder and that the operations of the corporation are carried on by the shareholder in disregard of the corporate entity." *Christian v. Smith*, 759 N.W.2d 447, 462 (Neb. 2008). Financial transfers between the companies and the Johnsons, beginning in the year the alleged fraudulent transfers occurred, are relevant to support the plaintiffs' claims, including the claim that Stabl's corporate veil should be pierced to satisfy the plaintiffs' judgment. See *Met-Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, * 3 (D. Neb. March 4, 2009)("Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action."). Accordingly, the defendants' objections are overruled, and the plaintiffs may issue the third-party subpoenas.

### Depositions of Leon and Ann Johnson

The second issue before the Court concerns Leon and Ann Johnson's objections to their scheduled depositions. The Johnsons take the position that they need to take the depositions of the United States and the State of Nebraska, and receive the expert reports from the United States and the State of Nebraska, in order for the Johnsons to be prepared for their depositions. See Attachment A - Defendants' Objections to Plaintiffs' Deposition Notices. The Johnsons also argue the issue of fairness, as they noticed their intention to take the plaintiffs' 30(b)(6) depositions in February of this year, but due to the plaintiff's pending motions to quash, and the court's issuance of a stay until the motions are resolved, those depositions have not yet taken place.

Under Fed. R. Civ. P. 26(d), "Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d). Rule 26(d) eliminates any fixed priority in the sequence of discovery, including the rule developed by courts conferring priority on the party to first serve notice of taking depositions, and "one party's initiation of discovery should not wait

upon the other's completion, unless the delay is dictated by special considerations." *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 183 (N.D. Iowa 2017)(quoting Committee Note to 1970 amendment of Rule 26(d), 48 F.R.D. 487, 507 (1969)); see also, The Former Priority Rule, 8A Fed. Prac. & Proc. Civ. § 2045 (3d ed.).

The court agrees with the plaintiffs that there is no reasonable basis why Leon and Ann Johnson must wait to be deposed until after the plaintiffs provide expert disclosures. As noted by the plaintiffs, the Johnsons are parties to this case, not expert witnesses. "The underlying purpose of a deposition is to find out what a witness saw, heard, or did--what the witness thinks." *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 528 (E.D. Pa. 1993). Although the defendants argue that they "have not had the benefit of the expert reports or Plaintiffs' 30(b)(6) depositions to understand the scope of this case, and all facts and documents supporting Plaintiffs' claims," the plaintiffs' pleadings in these consolidated cases, and the elements as set forth in the parties' Rule 26(f) report, are adequate to provide the defendants with notice of the plaintiffs' theory of the cases. Although it is unfortunate that the pending motions have delayed depositions of the plaintiffs, there is no reason why the parties should not proceed with what discovery they can pending the court's definitive ruling on those motions. Therefore, to the extent the defendants object to their depositions on the basis that they need to wait until after expert disclosures and after the plaintiffs are deposed, such objections are overruled. Counsel shall meet and confer to endeavor to schedule the individual defendants' depositions in a manner to best expedite the discovery process and progress the case.

**IT IS ORDERED:**
1. The United States may serve the third-party subpoenas as requested.
2. Defendants' objections to the noticed depositions are overruled.

Dated this 22nd day of May, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

May 16, 2018 <span style="color:red; float:right;">**Attachment A**</span>

**VIA E-MAIL**

Honorable Judge Michael D. Nelson
nelson@ned.uscourts.gov

  Re: *United States of America v. Stabl, Inc., et al.*, **Case No. 16-cv-233**

Dear Judge Nelson:

  Defendants in the above-referenced case submit this summary in advance of the informal conference with this Court. Defendants understand that two issues will be discussed: (1) two third-party subpoenas the United States wishes to issue; and (2) the depositions of the two individual defendants, Leon Johnson and Ann Johnson.

**Third-Party Subpoenas**
  The United States sent a notice of intent regarding two of the individual defendants' financial brokerages: Waddell & Reed and Edward Jones. Defendants objected to these subpoenas on several bases. Enclosed is a copy of the objection. In summary, the requests are overly broad, unduly burdensome, and not proportionate to the needs of this case. The subpoenas request "all documents" relating to all of the Defendants' accounts, including correspondence files. No time limit is imposed on the request for correspondence files, and a broad time limit is imposed on other requests—from January 2010 to the present.
  The subpoenas are harassing by requesting current and years of financial information for the individual defendants, against whom no judgment has been rendered. The United States behaves as if it already has judgments against each of the defendants, when it only has a judgment against Stabl. The subpoenas are not limited to transfers from Stabl to the other defendants.

**Depositions of Ann and Leon Johnson**
  Defendants object to the depositions of Ann Johnson and Leon Johnson currently noticed for May 24 and 25 for a variety of reasons. Those formal objections are enclosed. Defendants depositions were *tentatively* scheduled to occur after the 30(b)(6) depositions of the Plaintiffs and after the deposition of Dale Thomas (Defendants' CPA). Defendants sent their Rule 30(b)(6) notices of deposition to the United States and the State of Nebraska in February of 2018. Additionally, Plaintiffs' expert reports deadline (and the extensions of that deadline) have always been scheduled prior to the notices of Leon Johnson's and Ann Johnson's depositions. Defendants have not had the benefit of the expert reports or Plaintiffs' 30(b)(6) depositions to understand the scope of this case, and all facts and documents supporting Plaintiffs' claims
  After Defendants noticed the depositions of Plaintiffs in February, Plaintiffs objected and moved to quash. Defendants are merely asking for a level playing field. Plaintiffs, with their extensions and objections, seek to hide their case and opinions, and prevent the elderly Defendants from properly preparing for their deposition.
  If Leon and Ann Johnson were required to sit for depositions at this point, prior to any other depositions taking place and prior to any expert reports from Plaintiffs, they would need days, and probably weeks of preparation to review the thousands of documents at issue.

Sincerely,

*William G. Dittrick*                         *Krista M. Eckhoff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:16-cv-233 |
| Plaintiff, | |
| v. | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S THIRD PARTY SUBPOENAS** |
| STABL, INC., LANT, INC., LEON JOHNSON; and ANN JOHNSON, | |
| Defendants. | |

TO: Plaintiff United States of America (the "Plaintiff"), through its attorneys.

Defendants hereby object to the third-party subpoenas that the Plaintiff plans to issue to Waddell & Reed and to Edward Jones. Both subpoenas request "all documents" relating to any accounts held by any of the Defendants and other related entities, including the individual defendants, at either institution. No time limit is imposed on that request. And, no time limit is imposed on the request for all correspondence files. The time frame set forth in the first request is from January 1, 2010 to the present. Each of the requests applies to each of the Defendants and related corporate entities, even the individual defendants. The requests are not limited to those entitles against whom the Plaintiff has a judgment. The scope of the documents requested is, thus, overly broad, unduly burdensome, and not proportionate to the needs of this case.

1

Moreover, the subpoenas are harassing in that it requests current and recent financial information for the individual defendants, against whom no judgment has been rendered.  The Plaintiff is not entitled to such information, especially at this stage of the litigation.

Each subpoena requests information that is not relevant to the claims in this case.  For example, the time frame—or lack thereof—in the subpoenas requests information through the present, but the transaction at issue occurred in July 2010.  Requesting information more than 12 months from that date is especially not relevant.  Moreover, correspondence regarding the accounts and all documents regarding any such accounts are not relevant to the transactions at issue in this case.

Each of these objections applies to each of the requests in both the subpoenas at issue.

Dated this 6th day of April, 2018.

                STABL, INC., LANT, INC., LEON JOHNSON; and ANN JOHNSON, Defendants.

By:  /s/ *Krista M. Eckhoff*
     William G. Dittrick (NE# 11024)
     John P. Heil (NE# 11783)
     Krista M. Eckhoff (NE# 25346)
of:  BAIRD HOLM LLP
     1700 Farnam Street, Suite 1500
     Omaha, Nebraska 68102
     (402) 344-0500
     wdittrick@bairdholm.com
     jheil@bairdholm.com
     keckhoff@bairdholm.com

     *Their Attorneys*

# CERTIFICATE OF SERVICE

      I hereby certify that on April 6, 2018, I sent the foregoing to counsel via email as follows:

Lynnett M. Wagner (lynnett.m.wagner@usdoj.gov)
Danica A. Glaser (danica.glaser@usdoj.gov)
Katherine L. Matthews (kate.matthews@usdoj.gov)
Laurie A. Kelly (laurie.kelly@usdoj.gov)
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506

                                               */s/ Krista M. Eckhoff*

DOCS/2054317.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>STABL, INC., LANT, INC.,<br>LEON JOHNSON; and ANN JOHNSON,<br><br>  Defendants. | Case No. 8:16-cv-233<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S DEPOSITION NOTICES** |

TO: Plaintiff United States of America ("Plaintiff"), through its attorneys.

Defendants hereby object to the deposition notices for Leon Johnson and Ann Johnson, currently noticed for May 24, 2018 and May 25, 2018. As you know, Mr. Dale Thomas's deposition has been rescheduled from May 2018 to June 20, 2018. Further, the court is still ruling on the ability of Defendants to depose Plaintiff (as well as the State of Nebraska). Plaintiff has known, per earlier discussions in the case, that Defendants need to take the depositions of the United States and the State of Nebraska, and receive the expert reports from the United States and the State of Nebraska, in order for Leon Johnson and Ann Johnson to be prepared for their depositions. Furthermore, Defendants noticed the depositions of the United States and the State of Nebraska in March 2018 (sending the notices in February 2018), long prior to the deposition notices of Leon Johnson and Ann Johnson. And, Plaintiff's expert report deadline (and the extensions of that deadline) has always

been scheduled prior to the notices of Leon Johnson's and Ann Johnson's depositions.

For the reasons of fairness, reasonableness, proportionality, and others, Defendants object to the currently scheduled depositions of Leon Johnson and Ann Johnson and request rescheduling in light of the foregoing objections.

Dated this 8th day of May, 2018.

>STABL, INC., LANT, INC., LEON JOHNSON; and ANN JOHNSON, Defendants.
>
>By:   /s/Krista M. Eckhoff
>      William G. Dittrick (NE# 11024)
>      John P. Heil (NE# 11783)
>      Krista M. Eckhoff (NE# 25346)
>of:   BAIRD HOLM LLP
>      1700 Farnam Street, Suite 1500
>      Omaha, Nebraska 68102
>      (402) 344-0500
>      wdittrick@bairdholm.com
>      jheil@bairdholm.com
>      keckhoff@bairdholm.com
>
>*Their Attorneys*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2018, I sent the foregoing to counsel via email as follows:

Lynnett M. Wagner (lynnett.m.wagner@usdoj.gov)
Danica A. Glaser (danica.glaser@usdoj.gov)
Katherine L. Matthews (kate.matthews@usdoj.gov)
Laurie A. Kelly (laurie.kelly@usdoj.gov)
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506

                              /s/Krista M. Eckhoff



U.S. Department of Justice  **Attachment B**

Environment and Natural Resources Division

*Denver Field Office*  *Telephone (303) 844-1365*
*999 18th Street*
*South Terrace, Suite 370*
*Denver, CO 80202*

May 16, 2018

The Chambers of the Honorable Magistrate Judge Michael D. Nelson
nelson@ned.uscourts.gov

      Re:    8:16cv233 & 8:16cv351, discovery dispute to be heard May 18

Your Honor:

The United States see two issues ripe for resolution.

**Third party subpoenas.** The United States is seeking account statements from 2010 through the present from two brokerage firms alleged to have received transfers of money from the bank account of Defendant Stabl, Inc. Defendants objected to these subpoenas, objected to a similar Request for Production seeking the same statements from the Defendants directly, and have also generally refused to respond to other discovery requests seeking financial information for the Defendants after 2010. The United States is owed a judgment by Defendant Stabl, Inc., and contends that funds that could have paid that judgment were unlawfully transferred to the other Defendants. The United States is entitled to discovery to determine not only where those funds were transferred initially, but also to determine where they are today. This includes discovery of any subsequent transfers, up to the present day. That information is needed to track the funds and any chain of additional fraudulent transfers that may have occurred, and to support the United States' veil-piercing claims. It is also necessary to ensure that any judgment of this Court ordering the "unwinding" of fraudulent transactions is meaningful and effective. Without financial information through the present day, the United States could prevail in this matter but still be unable to collect on the outstanding judgment; its only option would be to reconstruct the chain of transactions "one case at a time" through a stepwise process of filing additional suits, involving the same parties, and pursuing the same financial information. The Court and the parties' resources should not be wasted on such an enormously burdensome method to obtain obviously relevant information.

**Johnson depositions.** The United States has noticed the depositions of individual Defendants Leon and Ann Johnson for May 24 and 25 in Omaha. These dates were established by a meet and confer with Defendants' counsel on April 5. On May 3, Defendants' counsel began stating these depositions needed to be rescheduled, and filed objections to the depositions on May 8. Defendants contend that they must take a 30(b)(6) deposition of the United States and have the United States' expert reports before the Johnsons can be deposed, and are unwilling to schedule any date for these depositions to occur. There is no basis in law for Defendants' insistence on "staging" of fact witness depositions, or requiring expert discovery to be completed before core factual discovery. The Johnsons are fact witnesses. A fact witness's truthful testimony should not

depend on knowing what other witnesses are going to say. The United States is willing to postpone the depositions if Defendants' counsel feels additional preparation time is necessary, but requests a date certain on which the depositions could move forward, independent of the scheduling of other discovery in this case.

    Respectfully submitted,
    *Kate Matthews*, counsel for the United States



STATE OF NEBRASKA
# Office of the Attorney General

2115 STATE CAPITOL BUILDING
LINCOLN, NE 68509-8920
(402) 471-2682
TDD (402) 471-2682
FAX (402) 471-3297 or (402) 471-4725

**Attachment C**

**DOUGLAS J. PETERSON**
ATTORNEY GENERAL

**JOSHUA E. DETHLEFSEN**
ASSISTANT ATTORNEY GENERAL

May 16, 2018

**SENT VIA EMAIL AT nelson@ned.uscourts.gov**
The Chambers of the Honorable Magistrate Judge Michael D. Nelson

Re: 8:16cv233 & 8:16cv351, discovery dispute to be heard May 18

Your Honor,

Please accept this letter detailing the State of Nebraska's ("State") position on the discovery disputes that will be presented to the Court during the conference call on Friday, May 18, 2018. Because this case was consolidated for all pre-trial purposes, the discovery disputes presented are part of the joint discovery process between the State and the United States. The State has worked closely with the United States on the discovery disputes at issue and the resolution of these disputes is equally relevant to both the State and the United States.

The State agrees with the arguments presented in the United States' one-page summary to this Court. As detailed therein, there are two issues ripe for resolution: (1) third-party subpoenas related to the financial records of the Defendants; and (2) the depositions of Defendants Ann and Leon Johnson as fact witnesses. With regard to the third-party subpoenas, the financial records of the Defendants are essential to track the funds and any chain of additional fraudulent transfers. Moreover, it is essential to ensure that the State and United States can satisfy their outstanding judgment. With regard to the Johnsons' depositions, Defendants have presented no legal support for their contention that other discovery must be completed before depositions can be taken of fact witnesses. Indeed, that contention seems to be at odds with arguments that Defendants have previously made about their desire to move forward with factual discovery. Both the State and the United States are eager to take the Johnsons' depositions and are entitled to do so.

Sincerely,

DOUGLAS J. PETERSON
Attorney General

Joshua E. Dethlefsen
Assistant Attorney General
*Agriculture, Environment & Natural Resources Bureau*