IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>STABL INC., LANT, INC., LEON JOHNSON, and ANN JOHNSON,<br><br>                Defendants. | **8:16CV233**<br><br>**ORDER** |
| STATE OF NEBRASKA,<br><br>                Plaintiff,<br><br>vs.<br><br>STABL, INC., LANT, INC., LEON JOHNSON, and ANN JOHNSON,<br><br>                Defendants. | **8:16CV351**<br><br>**ORDER** |

        This matter comes before the Court following a discovery conference held with counsel for the parties by telephone on September 25, 2018, before the undersigned magistrate judge. The parties requested the conference to resolve a dispute in the scope of topics set forth in Defendants' revised 30(b)(6) deposition notices to the governmental plaintiffs. In advance of the conference, the Court received the following documents from the parties by email: Defendants' Revised Notice of 30(b)(6) Deposition to the United States (Exhibit A) and to the State (Exhibit B), a letter from the United States to defense counsel dated August 24, 2018, (Exhibit C), a letter from the State of Nebraska to defense counsel dated August 24, 2018, (Exhibit D), and defense counsel's letter in response dated September 19, 2018, (Exhibit E). During the telephone conference, all parties agreed that the Court may enter a ruling on the dispute raised in the above documents without formal motion practice.

        Previously, the Court granted the plaintiffs' motions for a protective order regarding the scope of topics noticed in Defendants' original Rule 30(b)(6) notices. The Court instructed Defendants to "re-notice the depositions and limit their topics of inquiry to factual issues relevant

to these cases." (Filing No. 149 in the Lead Case). According to the parties, Defendants' revised noticed deposition topics 9, 10, 13, and 16 remain in dispute for the United States, and topics 8, 9, 11, and 13 remain in dispute for the State, set forth below:

**United States' Topics in Dispute**

Topic 9: The identities of all individuals employed by the USA or the State of Nebraska who were involved in decisions to take steps to enforce and or collect the judgment entered by this Court on January 31, 2014[,] against Stabl or Nebraska By-Products, Inc.

Topic 10: The identities of all individuals employed by either the USA or the State of Nebraska who had "material responsibility" regarding compliance with the applicable statutes of limitations confronting the State of Nebraska in the collection and enforcement of the January 31, 2014 Judgment in the underlying case.

Topic 13: All policies, written, oral, or procedural, regarding adherence to applicable statutes of limitations when enforcing judgments in favor of the USA.

**State's Topics in Disputes**

Topic 8: The identities of all individuals employed by the State who were involved in decisions to take steps to enforce and or collect the judgment entered by this Court on January 31, 2014[,] against Stabl/Nebraska By-Products, Inc. in the underlying case (Case No. 8:11CV274).

Topic 9: The identities of all individuals employed by the State who had "responsibility" regarding compliance with the statute(s) of limitations applicable to the causes of action contained within the State's Amended Complaint.

Topic 11: All policies, written, oral, or procedural, or written form of the State regarding adherence to applicable statutes of limitations when enforcing judgments in favor of the State.

**Topics in Dispute for both Plaintiffs**

Topic 16 to the United States and Topic 13 to the State ask the plaintiffs to prepare a witness to testify as to "All facts which support each of Defendants' affirmative defenses set forth in this case and what documents reflect or contain such facts (if any)." (Ex. A and Ex. B).

Defendants argue that their noticed topics seek factual information relevant to their affirmative defenses. As explained by Defendants in their brief in opposition to the United States' earlier motion to strike, their affirmative defenses in these cases largely relate to the government's conduct prior to obtaining the judgment in (or even the filing of) the underlying Clean Water Air action. (Filing No. 108 in the Lead Case). For example, Defendants' waiver defense asserts that "[The United States'] waiver arose from [its] approval of the 2010 Asset Purchase Agreement and the related sale, the [The United States'] failure to object to the sale, and [the United States'] encouragement of the sale that would facilitate the construction of a new water treatment plant." (Filing No. 108 at p. 4). Defendants' estoppel defense asserts that the United States is

> estopped by its past actions . . . particularly since it knowingly failed to name the non-Stabl Defendants in the underlying Clean Water Act litigation. [The United States] approved the Asset Purchase Agreement and the sale described therein; and the [United States] never objected to the sale contemplated within such Asset Purchase Agreement and concurred in and encouraged such sale with the underlying intent that such sale would facilitate the construction of a new water treatment plant which would assumedly eliminate any violation of the United States Clean Water Act.

(Filing No. 71 at p. 16 in the Lead Case). Defendants' unclean hands defense similarly is based on their allegations that the United States approved and facilitated the 2010 Asset Purchase Agreement and the sale to Darling International. (Filing No. 71 at p. 18 and Filing No. 108 at p. 5 in the Lead Case). Defendants state that "This is a case in which Defendants are attempting to explore how much [the United States] knew and when it knew it, with respect to the now alleged fraud claims." (Filing No. 108 at p. 9). Defendants have raised similar affirmative defenses in the Member Case action against the State. (Filing No. 45 in the Member Case).

First, with respect to the revised deposition notice to the United States, Topics 10 and 13 clearly do not seek information relevant to any remaining claim or defense in that case. The Court struck Defendants' statute of limitations defense in the Lead Case, and therefore any further discovery on that issue is not appropriate. (See Filing No. 149 in the Lead Case). With respect to Topic 9, the Court similarly does not see the relevance to any claim or defense in the Lead Case. Topic 9 seeks information regarding individuals "who were involved in decisions to take steps to enforce and or collect the judgment entered by this Court on January 31, 2014[.]" As the Court understands Defendants' affirmative defenses, they assert the government entities

3

knew of and approved the allegedly fraudulent 2010 transfers, and that the non-Stabl defendants could have been named in the earlier action but were not. The United States' attempts to collect the 2014 judgment itself is not at issue in this case; rather, Defendants challenge the United States' actions taken prior to obtaining the 2014 judgment and their knowledge and actions surrounding the 2010 transfers. Accordingly, the United States shall not be required to prepare a witness to testify as to Topics 9, 10, or 13.

In the State's case, the Court has not concluded that the State timely filed this action for fraudulent transfers under the Nebraska Uniform Fraudulent Transfer Act, as it remains to be seen whether the State filed this action "within one year after the [allegedly fraudulent] transfers could reasonably have been discovered." (Filing No. 35 at p. 8 in the Member Case). Similar to the United States' action, however, the issue in the Member Case is not the State's collection or enforcement of the 2014 judgment after it was rendered; rather, the State's knowledge and action or inaction regarding the allegedly fraudulent 2010 transfers is at issue. Accordingly, the State shall not be required to prepare a witness to testify as to Topics 8, 9, and 11 in the Defendants' revised deposition notice.

With respect to Topic 16 to the United States and Topic 13 to the State, although Defendants have attempted to comply with the Court's previous direction to "limit their topics of inquiry to factual issues," these topics are nevertheless not appropriate for a Rule 30(b)(6) deposition. Defendants' request is vague and not reasonably particular, especially considering that the United States previously sought to strike Defendants' affirmative defenses, in part, for failing to plead any facts supporting those defenses. (Filing No. 99 in the Lead Case); See Fed. R. Civ. P. 30(b)(6)(requiring a party to "describe with reasonable particularity the matters for examination."). This topic, as written, essentially asks for the plaintiffs' mental impressions and legal theories for Defendants' own affirmative defenses, as the topic leaves open-ended what "facts" the plaintiffs are to testify about. Additionally, the plaintiffs represent that they have provided any potentially relevant documents to Defendants regarding this area of inquiry, as they are obligated to do under the federal rules. Accordingly, neither the United States nor the State shall be required to prepare a Rule 30(b)(6) witness to testify as to this topic.

Upon consideration,

**IT IS ORDERED:**

1. The United States shall not be required to prepare any Rule 30(b)(6) witness(es) to testify to Topics 9, 10, 13, and 16 in Defendants' Revised Notice of 30(b)(6) Deposition to the United States (Exhibit A); and
2.  The State shall not be required to prepare any Rule 30(b)(6) witness(es) to testify to Topics 8, 9, 11, and 13 in Defendants' Revised Notice of 30(b)(6) Deposition to the State (Exhibit B).

Dated this 2nd day of October, 2018.

                                          BY THE COURT:

                                        s/ Michael D. Nelson
                                        United States Magistrate Judge